IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3162-BO

| | | |
|---|---|---|
| CHARLES EVERETTE HINTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LINDA D. LANGDON, et al., | ) | |
| Defendants. | ) | |

On July 8, 2015, Charles Everette Hinton ("Hinton"), a state inmate proceeding pro se, filed this "Civil Rights Complaint."[1] Compl., D.E.1. Hinton is a well-known litigant in this district having filed at least fourteen prior civil rights actions and five prior actions docketed as petitions for a writ of habeas corpus.

The PLRA's three-strikes provision allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407–10 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999). As stated above, Hinton is a familiar litigant in this district as well as the other federal district courts of North Carolina. See, e.g., Hinton v. Conrad, No. 3:12-CV-367-PMD (W.D.N.C. order filed July 27, 2012) (unpublished) (noting that, as of 2012,

---

[1] The filing was neither accompanied with an application to proceed without prepayment or the payment of the filing fee. This is a consistent strategy of Hinton's case filing history within this court.

Hinton had filed 19 pro se suits in the Western District of North Carolina). He has used up his three strikes. See Hinton v. Curran, No. 3:09-CV-110-MU-02, 2009 WL 799626 (W.D.N.C. Mar. 24, 2009) (unpublished) (dismissing one of Hinton's previous suits pursuant to section 1915(g)).

To avoid dismissal and proceed without prepayment of the filing fee, Hinton must show that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of section 1915(g). Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. Hinton fails to plausibly allege that he is presently under imminent danger of serious physical injury. Thus, Hinton has not made a colorable showing that this action should proceed under the exception to the three-strikes rule.

In sum, the court DISMISSES plaintiff's action under 28 U.S.C. § 1915(g). Having so determined, all pending motions (D.E. 7, 10, 12, 13, and 14) are likewise DENIED. The clerk shall close the case.

SO ORDERED, this the 16 day of November 2015.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE